UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JIMMIE J. WRIGHT,<br><br>                Plaintiff,<br><br>     v.<br><br>STATE OF WASHINGTON *et al.*,<br><br>                Defendants. | Case No. C09-5759FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**:<br>February 12, 2010 |

This 42 U.S.C. 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Accordingly, the following Report and Recommendation is hereby submitted.

In the proposed complaint plaintiff challenges his arrest, a search of his residence, his current incarceration, and the filing of charges against him (Dkt. # 1, proposed complaint). He names as defendants the State of Washington, the Kitsap County prosecutor, a detective, the Superior Court of Kitsap County, his criminal attorney, the County Jail, a jail staff person, and a social worker who is involved in a collateral child support issue. The relief requested includes immediate release from custody, injunctive relief, and damages (Dkt. # 1, proposed complaint).

REPORT AND RECOMMENDATION- 1

Plaintiff is challenging his current incarceration and the length or duration of that incarceration. Further, he is challenging ongoing criminal proceedings. This court recommends dismissal of this action on screening pursuant to 28 U.S.C. §1915 (e)(2) prior to service.

DISCUSSION

1. *Fact or duration of incarceration.*

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489.

Mr. Wright is raising issues in his § 1983 complaint that necessarily call into question that validity of Plaintiff's current incarceration and his criminal conviction. Plaintiff has failed to demonstrate that his conviction or sentence has been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. Under Heck, plaintiff's § 1983 claim has not yet accrued, and therefore is not cognizable.

The court finds that such allegations should be dismissed pursuant to the law set forth above. Plaintiff shall not be permitted to seek such relief or pursue such claims via § 1983, without first successfully petitioning for his release and/or expungement of his current charges or conviction by way of petition for writ of habeas corpus or similar state procedures.

In addition to this fatal flaw, plaintiff's complaint against certain defendants should also be dismissed on independent grounds.

REPORT AND RECOMMENDATION- 2

2.  *Immunity from suit or damages.*

The trial court judge and prosecutor enjoy absolute immunity, further, the State of Washington under Eleventh Amendment immunity may not be sued in federal court for damages. Therefore, the case should be dismissed against these defendants on independent grounds.

   A.  *Judicial Immunity.*

Judges are absolutely immune from damages for judicial acts taken within the jurisdiction of their courts. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986); Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987). Even grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity. Stump v. Sparkman, 435 U.S. 349, 355-57 (1973). As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. Ashelman, 793 F.2d at 1078.

   B.  *Prosecutorial Immunity.*

A prosecuting attorney who initiates and prosecutes a criminal action is immune from a civil suit for money damages under 42 U.S.C. S 1983. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity applies only when the challenged activity is intimately associated with the judicial phase of the criminal process. Id. at 430. Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986). A prosecutor's activities in connection with the preparation and filing of charges are protected by absolute immunity. Kalina v. Fletcher, 522 U.S. 118, 126 (1997). Neither a conspiracy nor a personal interest will pierce a prosecutor's absolute immunity. Ashelman, 793 F.2d at 1072. Prosecutorial immunity extends to the process of plea bargaining as an integral part of the judicial process. Miller v. Barilla, 549 F.2d 648, 649 n. 3 (9th Cir. 1977).

REPORT AND RECOMMENDATION- 3

C.   *Eleventh Amendment Immunity.*

The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent. See Seminole Tribe of Florida v. Florida 517 U.S. 44, (1996); Natural Resources Defense Council v. California Dep't of Transportation, 96 F.3d 420, 421 (9th Cir. 1996). Eleventh Amendment immunity is not automatically waived in actions brought under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332 (1979). Washington has not waived the protection of the Eleventh Amendment. Edgar v. State, 92 Wn.2d 217 (1979).

3.   *Search of Plaintiff's Residence and Ongoing Criminal Prosecution.*

Plaintiff alleges his residence was illegally searched by Detective Duckworth, who provided information to the prosecutor. He alleges that information has been used in charging plaintiff first with child assault in the first degree, and later with murder in the second degree. (Dkt. # 1, proposed complaint). In addition to being barred because the claim calls into question the propriety on his current incarceration, this abstains from proceeding on this claim as it is properly part of an ongoing criminal case.

Generally, the federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger v. Harris, 401 U.S. 37, 45- 46 (1971);  see also, Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 516 U.S. 806 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir.1987)( abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding;  (2) implication

REPORT AND RECOMMENDATION- 4

of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir.1972). See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980). Extraordinary circumstances exist when irreparable injury is both great and immediate, for example when the state law is flagrantly and patently violating express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. Younger, 401 U.S. at 46, 53-54.

Plaintiff has not alleged that any of these extraordinary circumstances apply to this case. Therefore, the court should abstain from considering this claim against Defendant Duckworth.

4. *Defense Counsel.*

Plaintiff names his criminal defense counsel, Ronald D. Ness, as a defendant. To state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986). Defense counsel does not act under color of state law for purposes of actions brought under the Civil Rights Act. See Polk County v. Dodson, 454 U.S. 312 (1981).

REPORT AND RECOMMENDATION- 5

## CONCLUSION

For the reasons stated above, this action should be dismissed without prejudice prior to service. This dismissal is pursuant to the screening provisions found in 28 U.S.C. § 1915 (e)(2). Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 12, 2010, as noted in the caption.

Dated this 20th day of January 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 6